# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30101
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 28, 2014

Lyle W. Cayce
Clerk

KEVIN MORGAN,

Plaintiff-Appellant

v.

WINN CORRECTIONAL CENTER; DOCTOR KUPLESKY; KIEFFER; CORRECTIONS CORPORATION OF AMERICA; TIMOTHY KEITH,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:13-CV-1987

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Kevin Morgan, Louisiana prisoner # 488677, appeals the district court's dismissal of his 42 U.S.C. § 1983 action pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A as frivolous and for failure to state a claim upon which relief may be granted.  In his complaint, Morgan alleged that the defendants acted with deliberate indifference to his complaints of stomach and digestive problems.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30101

On appeal, Morgan presents six arguments. First, he asserts in a general fashion that there is sufficient evidence in the record to show he stated claims against the defendants. In support of his assertion, Morgan attempts to incorporate by reference the arguments he made in documents filed in the district court. His conclusory assertion is insufficient to raise a constitutional claim. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). Moreover, he may not incorporate by reference the arguments he made in his district court filings. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). He has thus inadequately briefed and waived this claim. *Id.*

Second, Morgan argues that the defendants provided essentially no care by prescribing Motrin for his repeated complaints of pain. We decline to consider this claim because it is raised for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Third, Morgan contends that his constitutional rights were violated when unspecified defendants delayed his medical treatment by requiring him to fill out sick call forms to talk to medical personnel, who were then supposed to refer him to Dr. Stephen Kuplesky but often never did. We likewise decline to consider this claim because Morgan raises it for the first time on appeal. *See id.*

Fourth, Morgan argues that Dr. Kuplesky acted with deliberate indifference to his medical needs by failing to take action when treatment proved ineffective and that unspecified defendants acted with deliberate indifference by knowingly providing easier but less effective treatment. Morgan's conclusional assertions, which express disagreement with the treatment ordered by the defendants, are insufficient to raise a constitutional claim or challenge the district court's ruling. *See Oliver*, 276 F.3d at 741; *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

No. 14-30101

Fifth, Morgan contends that the defendants were aware that unspecified medications were not helping his abdominal pain but did nothing to treat his pain or respond to his deterioration because they were not qualified to treat him. We decline to consider this argument because it was not considered by the district court in the first instance. *See Leverette*, 183 F.3d at 342.

Finally, Morgan challenges the denial of appointed counsel in the district court and asks this court to appoint counsel or remand for the appointment of counsel. Because Morgan has not demonstrated exceptional circumstances warranting the appointment of counsel, we find no abuse of discretion and deny his requests. *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982). Morgan additionally seeks leave to submit the district court's April 4, 2014, order affirming the magistrate judge's denial of appointed counsel. Because the order is already part of the appellate record, we deny his request as unnecessary.

Our affirmance of the district court's dismissal counts as one strike under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Morgan is cautioned that if he accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; REQUEST FOR THE APPOINTMENT OF COUNSEL DENIED; REQUEST FOR LEAVE TO FILE EXHIBIT DENIED AS UNNECESSARY; SANCTION WARNING ISSUED